IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

  Plaintiff,

v.           Criminal Action No. 5:17CR11-01
                  (STAMP)
DARYL WALTER HALL a/k/a "MALIK,"

  Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING DEFENDANT'S MOTION TO SUBSTITUTE COUNSEL**

I. Background

On July 31, 2017, the defendant filed a letter requesting that this Court appoint substitute counsel to represent him in this criminal action. ECF No. 51. This Court then scheduled a hearing on the motion.

On August 9, 2017, the defendant, his counsel, and the government appeared before this Court for a hearing on the defendant's motion for substitute counsel. At the hearing, this Court denied the defendant's motion to substitute counsel. This memorandum opinion and order serves to confirm this Court's pronounced order.

At the hearing, this Court first determined that the defendant's motion was timely. The Court then made an inquiry of the defendant as to his concerns. The defendant indicated that he has met with his counsel three times, that his counsel has not returned calls, that his counsel has been on vacation recently, and that he has received the discovery in this criminal action but has

not reviewed it with his counsel. Further, the defendant noted that at his last meeting with counsel, the two argued and did not accomplish anything.

This Court then made an inquiry of defense counsel and the government as to their positions regarding the motion. Defense counsel confirmed the number and general content of his meetings with the defendant. He also confirmed that at their last meeting the two argued and that the defendant said counsel was "fired." Defense counsel also reported that he had written a several page letter to the defendant outlining for him various aspects of his case, including an analysis of the applicable Sentencing Guidelines as they may apply in his case. The government took no position regarding the defendant's motion.

## II. Discussion

When evaluating a defendant's motion for substitute counsel, a trial court must (1) consider the timeliness of the motion, (2) inquire thoroughly as to the factual basis of the defendant's dissatisfaction, and (3) consider the extent of the breakdown in communication between the defendant and his counsel, including "the client's own responsibility, if any, for that conflict." Martel v. Clair, 565 U.S. 648, 663 (2012); United States v. Mullen, 32 F.3d 891, 895-97 (1994). The interests of justice are also considered. Martel, 565 U.S. at 663.

First, the defendant continues to maintain his not-guilty plea and trial is scheduled August 22, 2017.[1]  Thus, this Court considers the defendant's motion to be timely.

Second, this Court inquired into the details of the defendant's dissatisfaction with his representation.  For instance, this Court inquired as to exactly why the defendant felt that communication was lacking with defense counsel and why he felt his counsel was uninterested in his case.  Further, this Court inquired into the number and dates of the defendant's meetings with counsel and the general content of those meetings.  Thus, this Court finds that it did make a thorough inquiry as to the factual basis of the defendant's dissatisfaction with his representation.

Third, based on the defendant's explanation for his dissatisfaction with his representation and counsel's confirmation of the number and general content of his meetings with the defendant, this Court does not believe communication has broken down to such an extent that adequate representation will not be possible going forward.  Defense counsel has met with the defendant three times, has provided the defendant with copies of the discovery in this matter, has reviewed at least some of that discovery with the defendant, and has provided the defendant with legal analysis and opinions regarding the potential outcomes of this criminal action along with potential sentences that could be

---

[1]On August 10, 2017, this Court granted the defendant's motion to continue the trial in this matter, which is now scheduled for October 3, 2017.

3

imposed if the defendant is found guilty.  Further, defense counsel represents that he has engaged in plea negotiations with the government on the defendant's behalf.  Thus, this Court finds that, while there has been recent difficulty in communication, defense counsel has adequately communicated with the defendant and has provided adequate representation in this matter.  See Morris v. Slappy, 461 U.S. 1, 13-14 (1983) (noting that the Sixth Amendment does not guarantee a "meaningful relationship" or good rapport with defense counsel, but only constitutionally adequate representation).

## III. Conclusion

For the above reasons, the defendant's motion to substitute counsel (ECF No. 51) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant by certified mail, to counsel of record herein, to the United States Probation Office, and to the United States Marshals Service.

DATED:    August 10, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE